UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

UNITED STATES OF AMERICA,

    -against-
                                                                       02 CR 743-05 (CM)

THOMAS CARBONARO,

           Defendant.

--------------------------------------------------------x

### DECISION AND ORDER DENYING DEFENDANT'S RENEWED MOTION FOR COMPASTIONATE RELEASE FILED PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) AND THE FIRST STEP ACT

McMahon, J.:

       Thomas Carbonaro—a convicted Gambino Crime Family associate and soldier—is serving a 70-year prison sentence principally because he and others conspired to murder (and did murder) two individuals suspected to be Government cooperators, and because he also attempted to murder a third Government cooperator. Carbonaro is now 74 years old—his projected release date is March 15, 2063. (Bureau of Prisons Inmate Locator).

       Before the Court is Carbonaro's renewed motion for compassionate release, pursuant to 18 U.S.C. § 3582(c)((1)(A) and the First Step Act. The defendant's renewed motion argues principally that the defendant's age, medical conditions, and the sentencing guidelines enhancements applied by Judge Casey (which the defendant argues were in violation of *ex post facto* and the Sixth Amendment), in aggregate, present "extraordinary and compelling" reasons for relief. *See* Re. Mot. 1-2.

1

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/18/22

Compassionate Release

Under 18 U.S.C. § 3582(c), a district court "may not" modify a term of imprisonment once imposed, except under limited circumstances. One such circumstance is the so-called compassionate release provision, which provides that a district court "may reduce the term of imprisonment" where it finds "extraordinary and compelling circumstances." § 3582(c)(1)(A)(i). A motion under this provision may be made by either the Bureau of Prisons or a defendant, but in the latter case only "after the defendant has *fully exhausted all administrative rights* to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* (emphasis added). Thus, where a compassionate release motion is brought by a defendant who has not "fully exhausted all administrative rights," the district court "may not" modify his term of imprisonment.

If a defendant demonstrates that he has exhausted his administrative remedies with the BOP, the Court must then consider whether the defendant has met his burden of establishing "extraordinary and compelling circumstances" warranting release.[1]  In the past, this Court—and many of my district court colleagues—looked to United States Sentencing Guidelines § 1B1.13 (the applicable Guidelines section for sentencing reductions pursuant 18 U.S.C. § 3582(c)(1)(A)(i)), for guidance on what constituted "extraordinary and compelling circumstances."[2]  That changed on September 25, 2020, when the United States Court of

---

[1] "A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue." *See, e.g., United States v. Butler,* 970 F.2d 1017, 1026 (2d Cir. 1992).

[2] The Application Notes to Section 1B1.13 describe the circumstances under which "extraordinary and compelling reasons" exist. *See* § 1B1.13 comment (n.1). For example, the medical circumstances ground reads as follows:

2

Appeals for the Second Circuit held that § 1B1.13 is not applicable to a motion brought by a defendant in the district court. *United States v. Brooker* No. 19-32180-CR, 2020 WL 5739712, at *6 (2d Cir. Sept. 25, 2020). The Second Circuit reasoned that the language of § 1B1.13— language that has not been updated since the passing of the First Step Act—addressed only sentencing reduction motions initiated by the Bureau of Prisons. *Id.* In making clear that the district court was not constrained by the narrow grounds for granting compassionate release in § 1B1.13, the Second Circuit declared unequivocally that "district courts have discretion to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court] in motions for compassionate release," and that "neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *Id* at *7.

What *Brooker* did not change, however, is the mandate in § 3582(c)(1)(A)(i) that a court contemplating a defendant's release pursuant to that section must first consider the sentencing

---

(A)   Medical Condition of the Defendant.—

    (i)   The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia

    (ii)  The defendant is—

        (I)    suffering from a serious physical or medical condition,

        (II)   suffering from a serious functional or cognitive impairment, or

        (III)  experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self- care within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* § 1B1.13 comment (n.1).

3

factors at 18 U.S.C. § 3553(a), to the extent they are applicable, and determine whether they counsel for or against release. A court may still deny compassionate release where the § 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances.

### Carbonaro is Deemed to Have Exhausted His Administrative Remedies

Carbonaro submits no proof that he has exhausted his administrative remedies with the Bureau of Prisons since the denial of his first compassionate release motion. As such, he has arguably failed to exhaust his administrative claim on his renewed motion. However, since the only new argument in defendant's renewed motion is his *ex post facto* claim (a basis for release that would be outside the province of the Bureau of Prisons), the Court will deem Carbonaro's original July 5, 2020 request for compassionate release to the BOP (denied by BOP on July 28, 2020) as having satisfied the exhaustion requirement for his renewed motion. Accordingly, the present renewed motion for compassionate release is properly before the Court.

### Carbonaro's Renewed Motion

Carbonaro claims again that his age and medical conditions counsel in favor of his early release. *See* Re. Mot. 1-2. This Court previously ruled that the Carbonaro failed to meet his burden on this issue when it denied his initial motion for compassionate release. *See* ECF No. 476. In his renewed motion, he has failed to provide any additional evidence to substantiate or supplement his claim that his age and medical condition now warrant his release. As such, and for the reasons set forth in the Court's opinion and order denying the defendant's initial motion for compassionate release, the defendant has failed to demonstrate that his age and medical conditions rise to the level of extraordinary and compelling circumstances.

Carbonaro argues that Judge Casey's reliance on judicially determined facts—which were not proven beyond a reasonable doubt at trial—resulted in a higher applicable sentencing range than what would have been permitted under existing law at the time of the offense, thereby violating *ex post facto*. *See* Re. Mot. at 5. But Judge Casey was well within his discretion to find the applicable sentencing enhancements by a preponderance of the evidence after *United States v. Booker*, 543 U.S. 220 (2005). And, in any event, even if the enhancements at issue had not been considered at sentencing, the defendant's applicable guidelines would have still been life imprisonment, based purely on the crimes for which he was convicted at trial. The parties have not called to my attention any evidence that Judge Casey would have imposed any lesser of a sentence had those enhancements not been applied. *See United States v. Mandell*, 752 F.3d 544, 553 (2d Cir. 2014) (a court may deem an error harmless if "the record indicates clearly that the district court would have imposed the same sentence in any event"). As Judge Casey explained at sentencing, "[t]he defendant has repeatedly shown his willingness to murder other human beings as part of his membership in an ongoing and widespread criminal enterprise, and his criminal history unmistakably demonstrates that he is unlikely to lead a law-abiding life if released from custody. Only the maximum penalty that the law permits is sufficient in this case." (Sentencing Tr. at 9:13-22). Frankly, Judge Casey could not have been clearer about his intention to punish Carbonaro to the maximum extent possible.

Finally, even if defendant were to have met his burden of showing extraordinary and compelling reasons warranting release, consideration of the Section 3553(a) factors would still counsel against release. Carbonaro's murderous conduct is as bad as it gets. As I stated in my previous ruling denying Carbonaro's motion for compassionate release: "Given the multiple

5

lives taken at the hands of defendant and his co-conspirators, his involvement in loan sharking and extortion, and his extensive criminal history, the 70-year sentence imposed by Judge Casey was wholly appropriate—this Court will not disturb that sentence."

In sum, Carbonaro has failed to meet the substantial burden of showing extraordinary and compelling reasons for a reduction in his sentence, and, in any event, the Section 3553(a) factors weigh against granting such relief.

Carbonaro's motion for compassionate release is denied.

August 18, 2022

_____
Colleen McMahon
District Court Judge